IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-25-171-RAW |
| ) | |
| JODY LEE HULL, ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter came before the court for pretrial conference on December 11, 2025. This order memorializes the court's rulings.

The defendant's objection (#22) to the government's expert notice (#19) is overruled. The government has filed a notice (#28) pursuant to Rule 404(b) F.R.Evid. "seeks to introduce this evidence for the reasons set forth in the Government's 404(b) motion." (#38 at 5). Rule 404(b) is one of inclusion, rather than exclusion, unless the evidence is introduced for the impermissible purpose (i.e., propensity) or is unduly prejudicial. *See United States v. Reynoso,* 861 Fed.Appx. 204, 208 (10th Cir.2021). The court must consider (1) whether the evidence is offered for a proper purpose; (2) its relevancy; (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect; and (4) a limiting

instruction is given if the defendant so requests. *See United States v. Summers,* 147 F.4th 1135, 1142 (10th Cir.2025).

The government seeks to introduce (1) a recorded conversation between defendant and the confidential source during the December 13, 2024 controlled buy in which defendant discusses his prior arrest and the facts surrounding the arrest, and (2) a recorded conversation between defendant and Task Force Officer Grizzle in November 21, 2025, in which the participants discuss the same prior arrest. (The prior arrest was on September 25, 2023 in Sequoyah County. Defendant was in possession of a large quantity of methamphetamine and a stolen firearm.)

The court excludes (1) because the court finds the recording inaudible. The court does not exclude (2) as it is proper evidence under Rule 404(b)(2), demonstrating knowledge and intent.[1] This ruling serves to grant in part and deny in part defendant's first motion in limine (#33).

---

[1] The afternoon of the morning pretrial conference, defendant filed a motion to reconsider the oral ruling. Defendant asserts: (1) the government's 404(b) notice is insufficient; (2) the evidence should be excluded because it will confuse the jury. The government is required to "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Rule 404(b)(3)(B). Defendant objects that the notice lists several of the purposes permitted under Rule 404(b)(2). The requirement to articulate precisely the purpose and reasoning does not preclude arguing in the alternative. It was not an unadorned "laundry list." The court finds the notice adequate. In the context of 404(b) relevance, an extrinsic act's similarity to the charged offense is the linchpin of the analysis. *United States v. Tennison,* 13 F.4th 1049, 1056 (10th Cir.2021).

Defendant's motion to compel discovery (#23) was essentially conceded at the hearing, but the government represented it had not yet obtained the CI information. The prosecutor stated that such would be provided in a timely fashion.

The defendant's second motion in limine (#35) is granted, in that the prosecutor disavowed any use of misdemeanor convictions and the court excluded the domestic abuse and animal cruelty convictions as unduly prejudicial.

Of course, a court's in limine rulings are preliminary and subject to change as the case unfolds. *United States v. Eubanks,* 2022 WL 2987887, *1 (E.D.Okla.2022).

It is the order of the court that the defendant's motion to reconsider (#38) is hereby denied. The defendant's objection (#22) to the government's experts notice (#19) is overruled. Defendant's motion to compel discovery (#23) is granted as conceded. Defendant's first motion in limine (#33) is granted in part and denied in part. Defendant's second motion in limine is granted (#35).

**ORDERED THIS 15th DAY OF DECEMBER, 2025.**

*/s/ Ronald A. White*
_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**